IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN JOHN ELDER o/b/o K.B.,
A Minor                                                          PLAINTIFF

V.                                    NO. 13-5014

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Steven John Elder, brings this action on behalf of his minor daughter, K.B.,

seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of

the Social Security Administration (Commissioner) denying K.B.'s application for child's

supplemental security income (SSI) benefits under Title XVI of the Social Security Act.  In this

judicial review, the Court must determine whether there is substantial evidence in the

administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed the application for SSI on K.B.'s behalf on October 8, 2010, alleging that

K.B. was disabled beginning on October 1, 2007, due to Juvenile Diabetes.  (Tr. 122-127, 148,

151).  An administrative hearing was held on January 13, 2012, at which K.B was represented

by counsel, and she and her mother testified.   (Tr. 28, 57).

The ALJ, in a written decision dated February 24, 2012, found that K.B. was not

disabled, as K.B. did not have an impairment that met or was medically or functionally equal to

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

a listed impairment.  (Tr. 13, 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 30, 2012.  (Tr. 1-4).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 11, 12).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

In Thurman v. Astrue, No.  4:10-CV-00559-NKL, 2011 WL 1831600 (W.D. Mo., May 12, 2011), a case also involving a minor with insulin dependent diabetes, the Court set forth the three-step sequential evaluation in a Social Security disability analysis for children:

> The Commissioner considers (1) whether the child is working; (2) whether the child has a medically determinable "severe" impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the listings. See 20 C.F.R. § 416.924(2010). At stage three, the Commissioner analyzes functional limitations in six domains: 1) Acquiring and using information; 2) Attending and completing tasks; 3) Interacting and relating with others; 4) Moving about and manipulating objects; 5) Caring for yourself; and 6) Health and physical well-being. 20 C.F.R. § 416.926(b)(1)(i-vi)(2010). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two of these domains or an "extreme" limitation in one of the domains. See 20 C.F.R. § 416.926a (2010).

Id. at *3.

This Court's role is to determine whether the Commissioner's findings are supported by

-2-

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8ᵗʰ Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8ᵗʰ Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8ᵗʰ Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8ᵗʰ Cir. 2000).

## III.   Discussion:

In the present case, the ALJ found that K.B. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and did not have an impairment or combination of impairments that functionally equaled the severity of the listings, because Plaintiff did not have an impairment or combination of impairments that resulted in either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning.[2] (Tr. 13, 22).

In his appeal, Plaintiff argues that the ALJ committed reversible error when he found K.B. only had less than a marked limitation in her ability in health and physical well-being and

---

[2] A 'marked' limitation is defined as an impairment that interferes seriously with the claimant's ability to independently initiate, sustain, or complete activities." Thurman, 2011 WL 1831600 at *4, citing 20 C.F.R. § 416.926a(e)(2)(i)(2010).

AO72A
(Rev. 8/82)

no limitation in her ability to care for herself. (Doc. 11).   Plaintiff states, inter alia, that Plaintiff's parents monitor all activities of her life, she goes to the nurse's office 5 to 6 times a day to inject herself, she was allowed Section 504 accommodations in middle school, and in high school she is allowed to leave the room when she needs to and have water in the room, does not participate in any sport, cannot run, cannot get her pump wet or allow her activities to interfere with the pump.

"In the domain of 'health and physical well-being,' we consider the cumulative physical effects of physical and mental impairments and their associated treatments on a child's health and functioning. Unlike the other five domains of functional equivalence (which address a child's abilities), this domain does not address typical development and functioning.  Rather, the "Health and physical well-being" domain addresses how such things as recurrent illness, the side effects of medication, and the need for ongoing treatment affect a child's body; that is, the child's health and well being." Social Security Ruling 09-8p, 2009 WL 396030, at *2.

In this case, the ALJ found Plaintiff had no limitation in the ability to care for herself, noting that K.B.'s stepfather stated she had no limitations on her ability to take care of her personal needs and safety. In the Function Report completed by K.B.'s stepfather dated October 28, 2010, Mr. Elder indicated that K.B.'s daily activities were sometimes limited due to her having to go the nurse about 6 times a day (Tr. 170), that Plaintiff could not multiply and divide numbers over 10, and could not understand, carry out, and remember simple instructions, because her ability to absorb information fluctuated according to her blood sugar. (Tr. 171).  He also indicated that K.B. could get along with everyone except her brothers and sisters, and did not play team sports. (Tr. 172).  He further reported that K.B. did not finish things she started and

-4-

did not complete homework on time. (Tr. 174). However, in a Teacher Questionnaire report dated October 21, 2010, the Team Teachers and School Nurse indicated that Plaintiff had no problems caring for herself and did not frequently miss school due to the illness. (Tr. 162-163).

In a Childhood Disability Evaluation Form prepared by Dr. Stephen A. Whaley, Dr. Whaley found K.B. had no limitation in any domains except that she had "Less Than Marked" limitation in the domain of health and physical well-being. (Tr. 231). In a Childhood Disability Evaluation Form - Reconsideration, completed by Dr. Susan Manley, dated January 24, 2011, Dr. Manley also indicated K.B. had no limitations in any domain except that she had "Less Than Marked" limitation in the domain of health and physical well-being. (Tr. 240-242).

At the hearing, K.B. testified that she was in the ninth grade and was taking two pre-AP classes. (Tr. 34). She testified it was her choice that she was in no after school activities, and that she was in the school choir. (Tr. 36). She further testified that rather than using the pump for insulin intake, she was using a pen, and had to use it every time she ate carbohydrates. (Tr. 37). She testified that she might try out for tennis next year. (Tr. 39). She indicated that physically, she could pretty much do what she wanted to do. (Tr. 40). K.B.'s mother testified that K.B.'s doctors had not limited her as much as she was to be very cautious as far as paying attention to how much exercise she put out as opposed to how much carbohydrates she was consuming. (Tr. 50). The mother testified that Plaintiff was able to play basketball or softball if she chose to do so, but would have to be monitored. (Tr. 52). The mother also testified that it was easier for her to help K.B. control her blood sugar levels when she used the pen rather than the pump. (Tr. 55).

There is nothing in the records indicating any treating physician has ever imposed any long-term, significant, and adverse physical limitations on K.B.'s functional capacity. There is

AO72A
(Rev. 8/82)

nothing to indicate that K.B. was not performing well at school, or that she was not engaging with the other children, or that she had any issues with her teachers.

As indicated by the ALJ, K.B. has reported no hypoglycemic episodes and no neuropathic complaints, her physical examinations have been normal, she has not reported any hospitalizations, and she has no difficulty talking, seeing, or hearing. (Tr. 22).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's conclusion that K.B. had no limitations in her ability to care for herself, and less than a marked limitation in her health and physical well-being.

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 14th day of March, 2014.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-